**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANICE ALFONSO,**

**Plaintiff,**

**vs.** **CASE NO.:**

**OPIS MANAGEMENT RESOURCES, LLC,**

**Defendant.**
______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JANICE ALFONSO ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant OPIS MANAGEMENT RESOURCES, LLC ("Defendant") and in support thereof states as follows:

**INTRODUCTION**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") and the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 626 *et seq.* ("ADEA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Plaintiff is an adult individual who resides in Orange County, Florida.

2. Defendant OPIS MANAGEMENT RESOURCES, LLC is and was at all relevant times, operating in Seminole County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

3. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving ADEA, Title VII and Section 1981. An express grant of federal court jurisdiction over this federal claims is found in the ADEA 29 U.S.C. §626. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida.

6. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Seminole County, Florida.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2018. On December 10, 2019 the EEOC issued its right-to-sue letter on the Charge of Discrimination. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## FACTUAL ALLEGATIONS

8. Plaintiff is African-American and of Jamaican descent.

9. Plaintiff worked for Defendant for over twenty (20) years as a dietician in its nursing homes at Opis Island Lake Center and Opis Indian River Center.

10. During Plaintiff's employment with Defendant, she was discriminated against because of her age, race, (African American) and her national origin, (Jamaican).

11. Plaintiff was the only African American dietician at any of Defendant's nursing homes and the only African American working at the two nursing homes Plaintiff worked.

12. Beginning in late December 2017, Plaintiff started to receive comments from her supervisor, Denise Caiati, regarding when she intended to retire. Plaintiff informed her that she had no intentions of retiring at that time.

13. Thereafter, Plaintiff's hours were cut from forty (40) hours per week to thirty-two (32) hours per work and yet, she was still expected to perform the same work as before but in less time. Plaintiff was the only dietician who was treated this way.

14. Plaintiff complained about this differential treatment with no results.

15. Following another inquiry by a supervisor regarding when she intended to retire, Plaintiff was told that "You'll retire anyway."

16. In the following months, Plaintiff continued to hear comments from her supervisor regarding when she intended to retire.

17. In early 2018, Caiati told Plaintiff that the nurses and the two facilities thought Plaintiff was hard to work with because Plaintiff was demanding and unapproachable.

18. Plaintiff, who had worked for Defendant for 20 years, did not believe Caiati and thought this to be a made up story by Caiati and played on derogatory stereotypes of women from the Jamaica and the Caribbean.

19. Thus, Plaintiff attributed Caiati's comments to be race based and because of her Jamaican descent and race.

20. Plaintiff felt that these comments, coupled with the many inquiries into when she would retire, was a deliberate effort by Caiati to terminate her employment with Defendant.

21. Caiati's efforts to terminate Plaintiff became more apparent when the Agency for Health Care Administration ("AHCA"), which is the state's licensing and investigative agency, came into the facility in September 2018 and conducted its annual survey at Opis Island Lake Center.

22. Plaintiff was told that during the survey, a patient at the nursing home allegedly stated that Plaintiff was intimidating.

23. Plaintiff was shocked to hear such a report by any patient and immediately thought this was another effort by Caiati to use stereotypical troupes about Jamaican and African American women.

24. Nonetheless, AHCA found no violation and did not cite Plaintiff or the nursing home for any alleged conduct related to this patient's allegation.

25. Despite AHCA finding no violation, the nursing home administrator, Megan Pilko, decided to conduct a further investigation into the patient's allegation.

26. Pilko even suspended Plaintiff from work beginning on September 18, 2018, pending the outcome of the investigation.

27. That same day, Pilko had the facility social worker meet with the patient to further investigate the allegation.

28. The social worker determined that the patient had no problem with Plaintiff nor found her intimidating and simply did not like the food served at the nursing home.

29. Despite no corroboration of inappropriate conduct on the part of the Plaintiff, Pilko nonetheless decided to send the alleged complaint to the Florida Department of Children and Families ("DCF") for investigation.

30. However, DCF declined to open an investigation or otherwise proceed forward with Pilko's efforts to have Plaintiff investigated.

31. Despite having two state agencies decline to cite Plaintiff or otherwise investigate Plaintiff because of the alleged conduct, Defendant gave Plaintiff the ultimatum to either resign or be terminated.

32. Accordingly, Plaintiff was terminated on September 25, 2018 for this single alleged violation.

33. In Plaintiff's twenty (20) year employment history with Defendant, she had no performance issues.

**COUNT I**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII**

34. Plaintiff re-alleges and adopts Paragraphs 1-33, as though set forth fully herein

35. Plaintiff is a member of a protected class due to her race.

36. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her race in violation of Title VII.

37. Defendant knew or should have known of the discrimination.

38. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT II**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FCRA**

39. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein

40. Plaintiff is a member of a protected class due to her race.

41. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her race in violation of the FCRA.

42. Defendant knew or should have known of the discrimination.

43. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT III**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII**

44. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein

45. Plaintiff is a member of a protected class due to her national origin.

46. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her national origin in violation of Title VII.

47. Defendant knew or should have known of the discrimination.

48. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IV**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FCRA**

49. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein

50. Plaintiff is a member of a protected class due to her national origin.

51. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her national origin in violation of the FCRA.

52. Defendant knew or should have known of the discrimination.

53. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT V**
**DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA**

54. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein.

55. Defendant terminated Plaintiff's employment because of her age in violation of the ADEA.

56. Defendant replaced Plaintiff with a younger individual.

57. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

58. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his age.

59. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered

and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT VI**
**DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA**

60. Plaintiff re-alleges and adopts paragraphs 1–33, as though set forth fully herein.

61. Defendant terminated Plaintiff's employment because of her age in violation of the FCRA.

62. Defendant replaced Plaintiff with a younger individual.

63. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the FCRA.

64. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his age.

65. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT VII
## DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981

66. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein.

67. Plaintiff is a member of a protected class under Section 1981 due to her race.

68. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race, in violation of Section 1981.

69. Defendant knew or should have known of the discrimination.

70. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and,

h. Such other relief as the Court may deem just and proper.

**COUNT VIII**
**RETALIATION IN VIOLATION OF TITLE VII**

71. Plaintiff re-alleges and adopts paragraph 1-33, as though set forth fully herein.

72. Plaintiff is a member of a protected class under Title VII because she engaged in protective activities.

73. Plaintiff engaged in protected activity when she complained about the discriminations due to her race and national origin.

74. By the conduct described above, Defendant treated Plaintiff differently than her white counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

75. Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected to.

76. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IX**
**RETALIATION IN VIOLATION OF THE FCRA**

77. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein.

78. Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

79. Plaintiff engaged in protected activity when she complained about the ongoing discriminations due to her age, race and national origin.

80. By the conduct described above, Defendant treated Plaintiff differently than her younger, white counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

81. Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected to.

82. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT X**
**RETALIATION IN VIOLATION OF THE ADEA**

83. Plaintiff re-alleges and adopts paragraph 1–33, as though set forth fully herein.

84. Plaintiff is a member of a protected class under the ADEA because she engaged in protective activities.

85. Plaintiff engaged in protected activity when she complained about the ongoing discriminations due to her age.

86. By the conduct described above, Defendant treated Plaintiff differently than her younger counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the ADEA.

87. Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected to.

88. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

i. Back pay and benefits;

j. Interest on back pay and benefits;

k. Front pay and benefits;

l. Compensatory damages for emotional pain and suffering;

m. Injunctive relief;

n. Prejudgment interest;

o. Costs and attorney's fees; and

p. Such other relief as the Court may deem just and proper.

**COUNT XI**
**RETALIATION IN VIOLATION OF SECTION 1981**

89. Plaintiff re-alleges and adopts paragraph 1-33, as though set forth fully herein.

90. Plaintiff is a member of a protected class under Section 1981 because she engaged in protective activities.

91. Plaintiff engaged in protected activity when she complained about discriminatory treatment.

92. Plaintiff was terminated because she engaged in protected activity.

93. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

94. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and,

h. Such other relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendant**

Dated on this 24th day of February, 2020.

Respectfully submitted,

**s/ ANTHONY J. HALL**
**Anthony J. Hall, Esq.**
Florida Bar No.: 40924
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
MAILING: P.O. Box: 530244
Atlanta, GA 30353-0244
Direct Tel.: (407) 418-2079
Facsimile: (407) 245-3390
Email: ahall@forthepeople.com
Counsel for Plaintiff